```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **EMOGENE RICHARDSON BROWN,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 19-00066-JB-B |
| | * |
| **CERTAIN UNDERWRITERS MENDES &** | * |
| **MOUNT,** *et al.*, | * |
| | * |
| Defendants. | * |

**REPORT AND RECOMMENDATION**

Plaintiff Emogene Richardson Brown, who is proceeding *pro se,* filed a complaint and a motion to proceed without prepayment of fees. (Docs. 1, 2). At the Court's directive, Plaintiff filed an amended complaint; thus, it is the operative pleading. (See Docs. 3, 4). This matter is now before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(A) and S.D. Ala. GenLR 72(b).[1] Because Plaintiff is proceeding *in forma pauperis*, her amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B).[2] See Taliaferro v. United States, 677 F. App'x 536,

---

[1] S.D. Ala. GenLR 72(b) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's motion to proceed without prepayment of fees, to a Magistrate Judge.

[2] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or

1

537 (11th Cir. 2017) ("[U]nder § 1915(e), district courts have the power to screen complaints filed by all IFP litigants, prisoners and non-prisoners alike."), cert. denied, 138 S. Ct. 338 (2017). Having screened Plaintiff's complaint, the Court finds that federal jurisdiction is lacking. Accordingly, it is recommended that this action be dismissed without prejudice, prior to service of process, for lack of subject matter jurisdiction.

## I.   BACKGROUND AND PROCEDURAL HISTORY

On February 13, 2019, Plaintiff Emogene Richardson Brown ("Plaintiff") filed a complaint (Doc. 1), along with a motion to proceed without prepayment of fees. (Doc. 2). In her initial complaint, Plaintiff listed the grounds for jurisdiction as "Breach of promise" and asserted that "Mendes & Mount Insurance Company" of New York City refused to pay her claim for damage to her roof as a result of "Hurricane Nat," which occurred on October 8, 2017. (Doc. 1 at 1-2). According to Plaintiff, when the insurance adjuster came to her home, she had buckets catching water

---

    (B) the action or appeal—

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

from the roof, yet he denied her claim. (Id. at 2). For relief, Plaintiff requested that her roof be repaired. (Id.).

Plaintiff attached to her complaint various documents from small claims case number SM-2018-000166.00 in the District Court of Mobile County, Alabama, including a statement of claim (complaint), an application and affidavit for entry of default judgment, and a court order. (Id. at 5-8). In the state court complaint, Plaintiff named as Defendants Raphael and Associates and Mendes & Mount, and she claimed that the defendants owed her $6,000 because "they didn't fix my roof, and my home has mildew and I've lose clothes and furniture and, I smell the mildew in my home every day." (Id. at 5). In an application and affidavit for entry of default judgment, Plaintiff again claimed that she was owed $6,000, plus $306 in court costs. (Id. at 6). The state court, in an order dated December 19, 2018, found as follows:

> At the trial of this case, a preliminary issue was the identity of the Defendant or Defendants sued by Plaintiff. To clear up any confusion, any claims stated against Defendants Raphael and Associates or Mendes & Mount are hereby dismissed, with prejudice. The Defendant in this case for trial is Certain Underwriters at Lloyds, London.[3]
>
> The case arises from an insurance claim made by Plaintiff for damage to her property located at [Mobile, Alabama]. Plaintiff claims that her property was damaged during

---

[3] In her complaint in the instant case, Plaintiff only names Certain Underwriters Mendes & Mount as a Defendant. (Doc. 1 at 1-2; see also Doc. 4 at 1-2). Based on the state trial court order attached to Plaintiff's complaint, it would appear that the proper Defendant is Certain Underwriters at Lloyds, London.

3

> Hurricane Nate, which struck the area in October, 2017. The trial Defendant provided property insurance coverage for Plaintiff's residence. The value of the policy of insurance was $143,000.00, but there was a general deductible under the policy of $2,500. This general deductible was increased to $4,290.00 in the event of damage caused by wind or hail.
>
> Plaintiff reported the damage following the hurricane. Within a few days, Mr. Brett Pastor appeared at Plaintiff's residence, to inspect the property and to prepare an estimate of the cost of repairs. He did this work acting in an agency capacity for Defendant Certain Underwriters at Lloyd's London. Mr. Pastor determined that the total cost to repair damage at Plaintiff's property, caused by wind driven rain, was in the amount of $1,005.16. This amount was well below the policy deductible as set out above. Accordingly, coverage was not denied. The claim simply fell below the policy deductible.
>
> At trial, there was no credible evidence from Plaintiff to dispute the damage calculation prepared by Mr. Pastor. Accordingly, Judgment is entered for Defendant, pursuant to the terms of the contract of insurance between the parties. Costs are taxed as paid.

(Id. at 7).

On June 7, 2019, the undersigned entered an order granting Plaintiff's motion to proceed without fees and screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 3). In the order, the undersigned observed that Plaintiff's complaint failed to indicate the states of citizenship of the Defendants, failed to allege the amount in controversy, and did not assert any basis for federal jurisdiction. (Id. at 4). Accordingly, Plaintiff was ordered to file an amended complaint which set forth the basis for this Court's jurisdiction no later

4

than June 28, 2019. (Id.). The undersigned also noted in the order that, based on a preliminary review of Plaintiff's complaint and the documents attached thereto, it appeared that Plaintiff had litigated the same claims she raises in the instant case against the same Defendants in state court, that Plaintiff's claims against Mendes & Mount were dismissed with prejudice, and that the state court rendered judgment in favor of Certain Underwriters at Lloyds, London. (Id. at 5). Plaintiff was placed on notice that res judicata precludes claims which a plaintiff actually raised or could have raised in a prior suit when (1) there is a final judgment in a prior suit on the merits; (2) the decision in the prior suit is rendered by a court of competent jurisdiction; (3) the parties in both suits are identical; and (4) both suits involve the same cause of action, and she was ordered to show cause, by June 28, 2019, why her claims against Defendants are not barred by res judicata. (Id. at 4-5).

On June 24, 2019, apparently in response to the Court's order, Plaintiff filed a handwritten document, which the Court is treating as her amended complaint. (Doc. 4). On the first page of the document, Plaintiff listed her name and address, the name and address of Defendant Certain Underwriters Mendes & Mount, and listed the grounds for jurisdiction as "Denying my insurance claim[.]" (Id. at 1). On the third page of the document, Plaintiff stated: "My roof need repairing which is still damaged, from

5

Hurricane Nate.  This insurance company refuse to pay, me for my damages.  I am asking the court to grant me payment for my damages." (Id. at 3).  Plaintiff did not address the issue of res judicata. (See id.).

### II.   STANDARDS OF REVIEW UNDER 28 U.S.C. § 1915(e)(2)(B)

Because Plaintiff filed a motion to proceed *in forma pauperis* (Doc. 2), the Court is reviewing her complaint and amended complaint (Doc. 1, 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce a right that clearly does not exist.  Id. at 327.  In addition, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those drafted by an attorney.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  However, even in the case of *pro se* litigants, the court does not have "license to . . . rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d

6

1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010). Moreover, a court treats a plaintiff's factual allegations as true, but a court is not required to accept conclusory assertions or formulaic recitations of a cause of action's elements. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Further, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), cert. denied, 493 U.S. 863 (1989).

### III. ANALYSIS

#### A. Requirements for Subject Matter Jurisdiction.

Federal district courts are courts of limited jurisdiction, which are authorized by the Constitution or by statute to hear only certain types of actions.[4] Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2012). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). A plaintiff

---

[4] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997), cert. denied, 525 U.S. 841 (1998).

7

invoking a federal court's jurisdiction must allege a proper jurisdictional basis in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (requiring that not only must the jurisdictional provision be stated in the complaint, but also "facts demonstrating the existence of jurisdiction"); Kirkland v. Masonry, Inc. v. Comm'r of Internal Revenue, 614 F.2d 532, 533 (5th Cir. 1980) (same).[5]

"Federal courts 'are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'" Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quoting Galindo-Del Valle v. Att'y Gen., 213 F.3d 594, 599 (11th Cir. 2000)). The inquiry into whether a federal court has subject matter jurisdiction should be done "at the earliest possible stage in the proceedings." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). When a court considers dismissal for lack of subject matter jurisdiction, it accepts the "well-pled facts as true," but it "is not required to accept plaintiff's legal conclusions." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678-79), overruled on other grounds by Mohamad v. Palestinian Auth., 566 U.S. 449 (2012). "[O]nce a court determines that there has been no [jurisdictional]

---

[5] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

### B. Lack of Subject Matter Jurisdiction.

Because Plaintiff is proceeding as a *pro se* litigant, the Court has liberally construed her complaint and amended complaint in search of facts sufficient to establish subject matter jurisdiction. As an initial matter, even after being advised by the Court as to the possible bases for federal subject matter jurisdiction, Plaintiff has failed to set forth any statute or Constitutional provision that might confer jurisdiction. Instead, Plaintiff has listed as grounds for jurisdiction "[b]reach of promise" and "[d]enying my insurance claim[.]" (See Doc. 1 at 1; Doc. 4 at 1). Neither of these provide a basis for federal subject matter jurisdiction.

Nor has Plaintiff alleged any facts that suggest, let alone establish, the existence of federal jurisdiction, including diversity jurisdiction.[6] After being ordered to file an amended complaint setting forth the bases for this Court's jurisdiction, Plaintiff filed an amended complaint that again did not list the

---

[6] As Plaintiff was previously advised, a district court has federal diversity jurisdiction over any civil case if the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9

states of citizenship of the Defendants or the amount in controversy. (See Doc. 4). Although the Court might infer that the parties are citizens of different states or countries based on their addresses as listed in Plaintiff's complaint, Plaintiff has alleged no facts suggesting that the amount in controversy exceeds $75,000. Plaintiff appears to claim breach of contract based upon Defendants' refusal to pay her insurance claim for roof damage. However, as noted *supra*, Plaintiff has failed to set forth any specific amount in controversy, and the state court documents attached to her complaint strongly suggest that the disputed amount is, at the high end, approximately $6,000.

In sum, it appears that, in bringing this action, Plaintiff seeks to re-litigate her unsuccessful small claims case in federal court. The undersigned previously notified Plaintiff that her original complaint failed to establish federal subject matter jurisdiction and afforded her an opportunity to amend her complaint to establish jurisdiction. In her subsequent filing, Plaintiff manifestly failed to do so. "Breach of promise" and "[d]enying my insurance claim" are not bases for a federal court's jurisdiction. Because Plaintiff has not established this Court's jurisdiction in either her complaint or her amended complaint (Docs. 1, 4), this action is due to be dismissed for lack of subject matter

10

jurisdiction.[7]

### IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that this action be **DISMISSED** without prejudice, prior to service of process, for lack of subject matter jurisdiction.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on

---

[7] It appears that this case is also due to be dismissed based on the doctrine of res judicata.  That doctrine "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties." Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 892 (11th Cir. 2013).  "A federal court must give preclusive effect to state-court decisions 'whenever the court of the State from which the judgment emerged would do so.'" Thompson v. Smith, 52 F. Supp. 2d 1364, 1368 (M.D. Ala. 1999).  Under Alabama law, any claim that was or could have been adjudicated in a previous action is precluded when (1) there was a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) when both suits present the same cause of action. Hughes v. Allenstein, 514 So. 2d 858, 860 (Ala. 1987).  Each of those elements appear to be present here.  Based on the documents attached to Plaintiff's complaint, it appears that Plaintiff brought the same claims she raises in the instant case against Mendes & Mount and Raphael and Associates in state small claims court, that her claims against Mendes & Mount and Raphael and Associates were dismissed with prejudice because Plaintiff's property was insured by Certain Underwriters at Lloyds, London rather than by those entities, and that the state court rendered judgment on the merits in favor of Certain Underwriters at Lloyds, London following a trial.  Further, Plaintiff has failed to show cause, as ordered, why her claims are not barred by res judicata.  However, the Court need not decide the question because federal subject matter jurisdiction is absent. See Occidental of Umm al Qaywayn, Inc. v. A Certain Cargo of Petroleum Laden Aboard Tanker Dauntless Colocotronis, 577 F.2d 1196, 1201 (5th Cir. 1978).

11

all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **15th** day of **July, 2019.**

                                                  **/s/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**